**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

WEIPING LIU,

                        Plaintiff,          6:16-cv-01080 (BKS/TWD)

v.

THE INDIUM CORPORATION OF AMERICA and
NING-CHENG LEE,

                        Defendants.

**Appearances:**

*For Plaintiff:*
Phillip G. Steck
Cooper Erving & Savage LLP
39 North Pearl Street, 4th Floor
Albany, NY 12207

*For Defendants:*
Kevin G. Martin
Martin & Rayhill, PC
421 Broad Street
Utica, NY 13501

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER**

Defendants move under Rule 37 of the Federal Rules of Civil Procedure to preclude five documents concerning Plaintiff's post-termination job search on the ground that Plaintiff did not disclose them until the morning of trial. Defendants' motion is granted in part and denied in part.

Rule 37 provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "[I]nstead

of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C).

Ultimately, preclusion under Rule 37 "is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988). In determining whether to exclude evidence under Rule 37(c)(1), courts must consider: (1) the party's explanation for the failure to comply with its disclosure obligations; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new information; and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

The documents at issue concern Plaintiff's efforts to find employment and are relevant to refute Defendants' argument that Plaintiff failed to mitigate his damages. The parties agree this issue was the subject of discovery and that Plaintiff had an obligation to supplement his discovery responses under Rule 26. *See Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) ("Rule 37(c) sanctions are not limited to initial disclosure violations but may be predicated on a party's failure to amend its prior discovery responses."). Plaintiff's failure to update his responses over a period of two years appears to have been the result of an oversight, and the disclosure triggered by Defendants' arguments in their motion in limine regarding mitigation of damages. This evidence is important to Plaintiff's argument that he has diligently pursued employment since his job at Indium was terminated. The prejudice to Defendants in

preparing to meet the new information is greater with respect Plaintiff's detailed handwritten notes dated April 2017 to October 2019 than it is with respect to the recent job listings by Apple and Timkin and emails concerning two interviews in August and September 2019. Plaintiff's notes, however are detailed and concern a two-year time period and therefore place Defendants in the difficult position of reviewing Plaintiff's job search efforts over a lengthy period of time with no opportunity to investigate. As a continuance to allow investigation would disrupt the ongoing trial, the Court is not inclined to grant one.

Having considered the relevant factors, the Court concludes that preclusion of job listings and recent emails concerning job interviews is too harsh a remedy as Plaintiff's delay in disclosing them was minimal as is the prejudice to Defendants in preparing to meet the new information. Considering, however, Plaintiff's inexplicable delay in providing the notes over a period of two years, the extensive nature of the notes, the difficulty Defendants will have preparing to address the notes at trial, together with the disruption a continuance would cause to the trial, the Court finds that preclusion of the notes[1] is an appropriate sanction.[2]

**IT IS SO ORDERED.**

Dated: December 5, 2019

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

---

[1] As Plaintiff may still testify regarding his job search, preclusion of these notes only minimally impacts his ability to present evidence on mitigation.

[2] The Court notes that there is no Rule 37 objection to Plaintiff's Exhibits 53 to 59. To the extent there is an objection to the admissibility of Exhibit 53, the Court will consider it during trial.